# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### COREY ALAN BENNETT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 104211     Bob R. McGee, Judge**

**No. E2015-00143-CCA-R3-PC - Filed March 25, 2015**

The pro se appellant, Corey Alan Bennett, appeals as of right from the Knox County Criminal Court's order summarily dismissing his petition for post-conviction relief. Because the record reflects that the appellant filed a subsequent petition for post-conviction relief, we affirm the order of the Knox County Criminal Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, and NORMA MCGEE OGLE, JJ., joined.

Corey Alan Bennett, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorneys General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On January 26, 2015, the appellate court clerk received from the Knox County Criminal Court Clerk the pro se notice of appeal seeking an appeal as of right from the trial court's denial of post-conviction relief in this case. On February 10, 2015, the trial court clerk transmitted the record to the appellate court clerk. The record reflects that on September 22, 2014, the pro se appellant filed a petition for post-conviction relief challenging his October 12, 2012 guilty-pleaded conviction of attempted especially aggravated sexual exploitation of a minor. The appellant alleges that newly discovered evidence requires the granting of post-conviction relief. On October 1, 2014, the trial court summarily dismissed the post-conviction petition, noting that the appellant had previously filed a petition for post-conviction relief. The pro se appellant filed a timely notice of appeal from the summary dismissal.

Tennessee Code Annotated section 40-30-102(c) "contemplates the filing of only one (1) petition for post-conviction relief [and] [i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Tenn. Code Ann. § 40-30-102(c). In the present petition, the appellant acknowledged that he had previously filed a petition for post-conviction relief. Because the Post-Conviction Procedure Act precludes the filing of a second petition for post-conviction relief, the petition, as filed, was subject to summary dismissal. Under certain circumstances, the trial court may treat a subsequently filed petition for post-conviction relief as motion to reopen. *See* Tenn. Code Ann. § 40-30-117(a)(1). None of those circumstances are presented in this case.

Accordingly, we affirm the judgment of the Knox County Criminal Court.

_____
D. KELLY THOMAS, JR., JUDGE